The undersigned respectfully dissents from the Opinion and Award awarding plaintiff workers' compensation benefits as the greater weight of the evidence in this case clearly shows that plaintiff did not suffer an injury by accident or specific traumatic incident in the course and scope of his employment on April 6, 2001 or subsequent aggravation of any work injury and/or exacerbation of his preexisting kyphotic deformity as a result of his April 18, 2001 automobile accident.
On April 6, 2001, plaintiff reported to the plant nurse lower back pain and bilateral leg numbness following an incident at work where he experienced a sharp pain at or about his waist and "tingling numbness" in his legs and feet while changing a tire drum that had been hooked to a hoist. However, at first report, plaintiff did not indicate to the plant nurse that these complaints were the result of anything he had done at work. Plaintiff had, in fact, experienced these symptoms at least two weeks prior to his alleged workplace incident as evidenced by plaintiff's medical history and his own testimony.
During this initial visit with the plant nurse, plaintiff falsely reported no history of prior back pain even though he had visited his chiropractor, Dr. Jeffrey Baldwin, just seven days previously on March 30, 2001 and had been treating with him since 1998 for chronic back pain. Furthermore, plaintiff also failed to report to the plant nurse that he had experienced bilateral leg numbness for the past two months for which he had sought treatment from his regular physician, Dr. Christopher Moore, on March 22, 2001.
Even more revealing is plaintiff's admission that he did not seek additional treatment for his alleged injury after his employer referred April 7, 2001 visit with Primary Care Plus where he was diagnosed with low back strain and told to return to work the same day with light duty restrictions and given a follow-up appointment on April 13, 2001 which he did not attend. Plaintiff also failed to return to the plant nurse as instructed on April 9, 2001.
On April 12, 2001, plaintiff visited another physician, Dr. Meltzer, at Doctors Urgent Care for bilateral leg numbness and on April 17, 2001, plaintiff again visited his chiropractor, Dr. Baldwin. Plaintiff did not complain of any symptoms due to his alleged recent workplace injury to either physician. Dr. Baldwin also testified that plaintiff's presentation did not change from March 21, 2001 through April 17, 2001. Plaintiff also did not report a workplace injury when he treated with neurologist, Dr. Rangas Ramachandran or neurosurgeon, Dr. Robert Allen.
Plaintiff's credibility regarding the actual occurrence of his alleged work injury on April 6, 2001 is very weak given the fact that he did not seek any further medical treatment for his alleged workplace incident after April 7, 2001, complained of no lower back discomfort to his supervisor and missed no work, and failed to report an on the job injury to either of his four physicians after April 7, 2001. These factors combined with the fact that plaintiff's Form 18 Notice of Accident to Employer was not sent to the Industrial Commission until August 31, 2001, when plaintiff's attorney completed the form on his behalf, leads to the overwhelming conclusion that plaintiff suffered no disabling injury by accident or specific traumatic incident on April 6, 2001.
Plaintiff's automobile accident on April 18, 2001 is completely unrelated to his workers' compensation claim. Dr. Moore, plaintiff's family practitioner, referred plaintiff on March 22, 2001 for the appointment with neurologist Dr. Ramachandran that plaintiff was traveling to at the time of his automobile accident. Contrary to the majority's assertion, plaintiff's appointment with the neurologist was not made by anyone associated with defendant-employer in conjunction with his alleged work injury on April 6, 2001. As such, plaintiff is entitled to no workers' compensation benefits unless he suffered a work injury on April 6, 2001 that was later determined to be aggravated by the automobile accident. It is also important to note that plaintiff has filed a claim against the automobile insurance provider for the other driver involved in the April 18, 2001 automobile accident for injuries he sustained to his cervical spine and related medical treatment which is the exact treatment for which plaintiff is seeking recovery in this workers' compensation claim.
In summary, plaintiff's complaints all regarded a lower back injury on April 6, 2001. Not one of four doctors deposed in this case indicated that plaintiff's lower lumbar pain allegedly experienced on April 6, 2001 definitely caused or aggravated a pre-existing condition in plaintiff's cervical spine. Plaintiff's neurosurgeon, Dr. Allen, testified that plaintiff's long-standing kyphotic deformity, or angular spine, impinging upon plaintiff's spinal cord was his major problem and said, "Whether some incident pushed it over the edge, I think is less clear."
Based upon plaintiff's failure to provide credible evidence that he even suffered a work injury or aggravation of a pre-existing condition on April 6, 2001 and conflicting medical evidence that his subsequent cervical surgery was necessitated or exacerbated by his alleged work injury or automobile accident, I feel that the greater weight of the totality of the lay and medical evidence militates against any award of benefits to plaintiff.
This the 6th day of October 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN